**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **MR. AND MRS. C.,** ***as parents and next friends of K.C., a minor,*** | ) | |
| **PLAINTIFFS** | ) | |
| **v.** | ) | **CIVIL NO. 06-198-P-H** |
| **MAINE SCHOOL ADMINISTRATIVE DISTRICT NO. 6,** | ) | |
| **DEFENDANT** | ) | |

**MEMORANDUM DECISION AND ORDER ADOPTING IN PART THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

In this IDEA dispute, the Magistrate Judge has issued an Amended Recommended Decision on the parents' motion for attorney fees. The parents filed their motion for attorney fees after I affirmed the Magistrate Judge's Recommended Decision on the merits of their dispute with the School District. That decision on the merits, however, remanded the case to a hearing officer to make a determination of what actual educational relief the parents could recover for their child. As a result, when she ruled on the motion for attorney fees, the Magistrate Judge did not have the benefit of the hearing officer's ultimate decision on relief (as the Magistrate Judge herself noted). Accordingly, I delayed ruling on the Amended Recommended Decision on Motion for Attorneys' Fees until I received the hearing officer's decision and supplemental briefing from the parties. I now have those materials, and the attorney fee

issue is therefore ready for resolution.[1] I award the parents fifty percent (50%) of the reasonable attorney fees they accrued through the court proceedings, but only fifteen percent (15%) of the fees accrued thereafter.[2]

## ANALYSIS

The Individuals with Disabilities Education Act ("IDEA") permits the award of reasonable attorney fees to a prevailing party. 20 U.S.C. § 1415(i)(3). The parties here disagree vehemently over the degree to which the parents are prevailing parties in this litigation (the School District saying no more than 2.5 to 9% and the parents saying at least 75 to 90%), and therefore what proportion of the attorney fees the parents should recover.

In IDEA attorney fee disputes, the courts generally have applied prevailing party principles from § 1988 cases. See Doe v. Boston Pub. Sch., 358 F.3d 20, 26-27 & n.5 (1st Cir. 2004) (stating that "when construing the IDEA's fee-shifting provisions, cases decided under kindred federal fee-shifting statutes, such as the Fees Act, 42 U.S.C. § 1988, furnish persuasive authority" (internal quotation omitted)). In Christopher H. v. Souderton Area School District, 2008 WL 3271101, at *1 (E.D. Pa. Aug. 6, 2008), for example, the court relied upon Hensley v. Eckerhart, 461 U.S. 424 (1983), to determine that fees can be reduced where the prevailing party achieves only limited success.

[1] The parents request a further delay in deciding the attorney fees issue. Pl.'s Mot. to Reserve Ruling (Docket No. 67). The request is **DENIED**. The possibility of further appeal is speculative, including whether it will be pro se.

[2] The School District asks me to award no fees on remand. It made an offer of settlement after my decision and before the remand and, it argues, the relief the parents obtained from the hearing officer is not more favorable than the settlement offer. See 20 U.S.C. § 1415(i)(3)(D)(i)(III). I am unable to make such a finding (necessary under the statute to make the settlement offer preempt fee recovery) on this record because of the difficulty in valuing what the School District proposed and the presence of an element the parents opposed.

Accord P. ex rel. Mr. P. v. Newington Bd. of Educ., 512 F. Supp. 2d 89, 112-13 (D. Conn. 2007); Fenneman v. Town of Gorham, 802 F. Supp. 542, 546 (D. Me. 1992). The IDEA cases adopt the principle that strict proportionality is not required in awarding fees. See Christopher H., 2008 WL 3271101, at *1. In § 1988 cases, courts have concluded that some victories, though nominal in amount, can represent "a measure of success and serv[e] a public good through the potential of . . . future deterrent impact." Chaloult v. Interstate Brands Corp., 296 F. Supp. 2d 2, 4 (D. Me. 2004). What is required is that the parents achieve relief on a significant claim; that it effects a material alteration in the parties' legal relationship; and that the victory is not merely technical or de minimis. Mr. P., 512 F. Supp. 2d at 112-13; Fenneman, 802 F. Supp. at 546.

As the Magistrate Judge recognized, there were two significant claims/issues in this case when it first came to this court: (1) Did the School District provide the student a free appropriate public education ("FAPE"), and (2) Did the School District violate the statutory stay-put requirement? Recommended Findings of Fact & Conclusions of Law (Docket No. 32). The parents lost outright on the first claim (they argued unsuccessfully that legislative amendments had changed the Rowley standard for determining FAPE). Order Adopting the Recommended Decision 4. The School District lost on the second. The School District argued that so long as it provided a FAPE, the parents had no right to relief for the School District's violation of the stay-put requirement. Id. at 7. Both the Magistrate Judge and I ruled against the School District on that issue. Id. at 1.

That was relief on a significant claim; it caused a material alteration in the parties' legal relationship, imposing liability on the School District, and the victory was neither technical nor de minimis. The parents, however, achieved only modest educational relief for their child as a result. Ultimately they received from the hearing officer on remand only the following:

1. Free tuition, transportation, and adult aides for seven weeks at STRIVE camp, and fourteen hours of direct tutoring in reading, math, computer skills, and independent living, because of violation of the stay-put requirement for the third quarter of the 2005-06 school year.

2. Forty hours of tutorial instruction in functional life skills, computer skills, English, and math, for violation of the stay-put requirement for the fourth quarter of the 2005-06 school year.[3]

Parents v. MSAD #6, State of Me. Special Educ. Due Process Hearing 29-30 (Aug. 15, 2008) (Docket No. 63). The parents did not obtain any other educational relief.

But in addition to the camp and tutoring specified above, the parents established an important legal principle: that a school district cannot avoid the stay-put requirement merely by coming up with a different FAPE. This case establishes that the stay-put requirement is an important part of the parents' rights (not to be discounted as merely a procedural right), and that a school district that fails to observe that right will be faced with liability even though

[3] The hearing officer awarded them nothing for any stay-put violation from June 17, 2006, to March 18, 2008, because the hearing officer found that the family was responsible for the impasse then. Parents v. MSAD #6, State of Me. Special Educ. Due Process Hearing 28-30 (Aug. 15, 2008) (Docket No. 63).

the alternative program the school district unilaterally provides also delivers a FAPE. Establishing this principle (not previously enunciated as such in the caselaw) is an important contribution and will be a precedent at least in the District of Maine.

There is logic therefore to the Magistrate Judge's recommendation to choose fifty percent (50%) as the measure of attorney fee recovery through the outcome of the court proceedings: a complete loss to the parents on the Rowley argument, and a significant win on the stay-put argument. But the proceedings on remand to the hearing officer produced only a limited value in actual educational recovery to this student. While there is no precise way to determine the proper division, I conclude that the Magistrate Judge was correct in recommending fifty percent (50%) through the court proceedings, but conclude that only fifteen percent (15%) is appropriate thereafter.

The Magistrate Judge calculated the parents' total reasonable attorney fees as $67,743.50, not including costs, and recommended an award of $33,871.75. I accept that calculation. Since then the parents have accrued an additional $12,888, of which I award them fifteen percent, or $1,933.20. Thus, the total attorney fees award to the plaintiffs is $35,804.95.

When the Clerk taxes costs, she shall apply the same principles.

**SO ORDERED.**

**DATED THIS 15TH DAY OF OCTOBER, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**