UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MR. AND MRS. C., *as parents and next friends of K.C., a minor,*  )<br>)<br>)<br>PLAINTIFFS       )<br>)<br>v.                            )<br>)<br>MAINE SCHOOL           )<br>ADMINISTRATIVE DISTRICT )<br>NO. 6,                       )<br>)<br>DEFENDANT       ) | CIVIL NO. 06-198-P-H |

ORDER ON PLAINTIFFS' MOTION FOR REVIEW OF
HEARING OFFICER'S DECISION

On March 17, 2008, I remanded this IDEA case to the Maine Department of Education for a hearing officer "to determine an appropriate supplemental compensatory-education remedy for violation of the student's rights during the period prior to April 10, 2006 . . . ; and to determine the amount of appropriate compensatory education for the period commencing after April 10, 2006, for denial of the student's stay-put rights." Mem. Decision & Order 10-11 (Docket Item 43). On June 12 and June 16, 2008, a new Hearing Officer conducted a hearing at which both the parents and the School District were represented by counsel.[1] Parents v. MSAD #6, Me. Special Educ. Due Process Hr'g 1 (Aug. 15, 2008) (Docket Item 63). There was testimony, a large quantity of documents,

---

[1] The parents' counsel later withdrew and the parents now are proceeding without a lawyer.

and briefing. The Hearing Officer then entered a written decision dated August 15, 2008, making an award of certain benefits:

> 1. Free tuition, transportation, and adult aides for seven weeks at STRIVE camp, and fourteen hours of direct tutoring in reading, math, computer skills, and independent living, because of violation of the stay-put requirement for the third quarter of the 2005-06 school year.
>
> 2. Forty hours of tutorial instruction in functional life skills, computer skills, English, and math, for violation of the stay-put requirement for the fourth quarter of the 2005-06 school year.

Id. at 29-30. The parents are not satisfied with the benefits the Hearing Officer has awarded, and request me to "reverse the decision issued by the hearing officer and enter judgment in their favor." Pls.' Mot. for Review of Hr'g Officer's Decision 1 (Docket Item 81). In their Reply Memorandum, they specify what it is they seek:

> [S]ixty-seven weeks of speech therapy services, at one hour per week[;] sixty-seven weeks of occupational consultation, at fifteen minutes per week; a behavioral evaluation and implemented plan[;] eighty-five weeks of job coaching, at ten to fifteen hours per week[,] as well as transportation to these services [;] . . . compensatory education services . . . in a manner that will allow his parents to privately procure the services for him.

Pls.' Reply on Mot. for Review of Hr'g Officer's Decision 5 (Docket Item 91).

The parents have been ardent and faithful advocates for their son. But I conclude that the Hearing Officer's decision here deserves to be affirmed. It is true that there are factual disagreements, but there is support in the record for the manner in which the Hearing Officer resolved them. I apply the standard of review that the First Circuit has articulated for such cases and that Magistrate Judge Cohen detailed in his original Recommended Decision that I adopted.

2

Thus, I make an independent decision, based upon my review of the record, that the Hearing Officer's determination of the appropriate remedy here is supported by a preponderance of the evidence.[2]

Therefore the decision of the Hearing Officer is **AFFIRMED**.

**SO ORDERED.**

**DATED THIS 10TH DAY OF FEBRUARY, 2009**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] As to the length of the stay-put violation, I note that this court's previous decision specifically flagged the possibility that conduct by the parents might justify the ending of benefits earlier than the parents desired.  See Recommended Decision 55 n.35 (Docket Item 32).